# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JEANNIE GLASS )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>CALIBER HOLDINGS LLC )<br>d/b/a CALIBER COLLISION CENTERS )<br>)<br>Defendant. ) | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

### PARTIES TO THIS ACTION

1. Plaintiff Jeannie Glass ("Plaintiff") is a citizen and resident of Montgomery County and is a former employee of Defendant. At all relevant times she was over the age of 40.

2. Defendant Caliber Collision Centers ("Defendant") is a corporation organized under the laws of the State of Delaware with its principal place of business in Lewisville, Texas and at all relevant times was Plaintiff's employer.

3. This is an action for damages and equitable relief for unlawful employment practices brought under the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA").

### JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 29 U.S.C. § 626.

5. Venue is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this complaint occurred in an area within the Middle District of Tennessee and the Defendant resides in this judicial district.

6. Plaintiff has complied with all conditions precedent to the filing of her claims pursuant to 29 U.S.C. § 626(d) to wit, a timely Charge of Discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last ADEA violation. A Notice of Right to Sue was issued by the EEOC on October 4, 2021 and mailed to Plaintiff. Plaintiff has filed this complaint within ninety (90) days of her receipt of the Notice of Right to Sue.

## FACTS

7. Defendant is an employer as defined by the ADEA, 29 U.S.C. § 630(b), engaged in an industry affecting commerce with 20 or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

8. At all relevant times Plaintiff was an "employee" as that term is defined by 29 U.S.C. § 630(f).

9. At all relevant times, Defendant employed more than 20 employees.

10. Plaintiff commenced employment with Price's Collision Center, predecessor to Defendant, in a temporary capacity as a trainer in the Parts Department, in November 2018.

11. In December 2018 Plaintiff was hired in the full-time position of Parts Manager.

12. In or around April 2019, Defendant purchased Price's Collision Center. Plaintiff continued working as full-time Parts Manager.

13. During this time, Plaintiff also served as backup for the Office Administrator.

14. In or around September 2019 the Office Administrator left Defendant's employ.

15. Plaintiff continued to work in both the Parts Manager position and the Office Administrator position until October 2019.

16. In October 2019 John Webb was transferred to the Clarksville location from the Gallatin location to work as Parts Manager.

17. Mr. Webb and Plaintiff were the only two hourly employees who were over 40 years of age.

18. Plaintiff continued to work in the Parts Department assisting Mr. Webb on the CCC1 computer program and various procedures of the Parts Department.

19. At the same time, Plaintiff continued to perform the duties of Office Administrator.

20. Gradually Plaintiff stopped working in Parts except to fill in for Mr. Webb when he was absent for some reason. She continued in the Office Administrator position.

21. Plaintiff was qualified to perform her job and performed it to satisfaction.

22. On April 2, 2020, Plaintiff was advised via a telephone call from General Manager Randy Watkins that she and Mr. Webb were being laid off because of a downturn in business due to the COVID pandemic.

23. Plaintiff specifically asked Mr. Watkins whether she was being terminated and he stated she was not being terminated and that both she and Mr. Webb would be called back to work when business picked up.

24. During the time Plaintiff was laid off, Plaintiff went to the business location a minimum of every other week to ask whether anything had changed and when she would be brought back to work.

25. Mr. Watkins routinely advised Plaintiff to "hang in there" and that she would be called back to work as soon as things improved.

26. A much younger employee was asked to perform the Office Administrator position, even though she was not qualified to perform the position.

27. This employee would often call Plaintiff with questions about how to perform the job, and Plaintiff would assist her.

28. Plaintiff was cross-trained and was qualified to perform roles other than the Office Administrator position, but she was never asked about her qualifications or given the opportunity to work in another capacity, as were the younger employees.

29. In or around June 2020, Plaintiff stopped into the business location where she encountered Peter Santos. Plaintiff asked Mr. Santos when she would be called back to work. He, too, stated something to the effect of "as soon as numbers pick up."

30. On another occasion Plaintiff encountered Regional Manager Daniel Stallard and Brandy Jeter from the corporate office. Plaintiff asked them as well when she would be called to return to work. She was again advised she would be returned to work when the numbers picked up.

31. None of these individuals ever told Plaintiff that she needed to apply for other jobs or take any action. On the contrary, they told her that the company would take action to bring her back to work when it was ready.

32. Plaintiff continued to follow up repeatedly to inquire when she could return to work.

33. In or around August 2020 Plaintiff was advised by a co-worker that she needed to find out what was happening with her job because it appeared there was someone in her position.

34. When Plaintiff inquired, she learned that a younger, less qualified woman had been hired for her position.

35. Plaintiff asserts that the reasons given for Plaintiff's termination were a pretext, as she was qualified, capable and willing to perform other functions but was not given the opportunity to do so, as the younger employees were.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. § 621, et seq.

36. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein at length.

37. Defendant discriminated against Plaintiff with regard to her compensation, terms, conditions and privileges of employment because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* when it wrongfully terminated her employment and denied her the opportunity to work in another role, while treating the younger employees differently.

38. Defendant wrongfully discharged Plaintiff because of her age.

39. Defendant's actions were knowing, intentional, willful, wanton and malicious, and demonstrated a reckless disregard for Plaintiff's rights.

40. As a result of Defendant's conduct, Plaintiff suffered and continues to suffer damages.

41. As a result of Defendant's discriminatory actions, Plaintiff is entitled to recover damages including lost wages and benefits, liquidated damages, attorney's fees, costs, interest, reinstatement, and front pay and benefits.

**WHEREFORE** Plaintiff respectfully requests judgment in her favor and specifically:

1. A jury trial on all claims triable to a jury.

2. Back pay and damages for lost benefits;

3. Reinstatement or Front pay and damages for future benefits;

4. Liquidated damages;

5. Attorney's fees and expenses;

6. Prejudgment interest and, if applicable, post-judgment interest;

7. Injunctive relief prohibiting Defendant from discriminating against other employees; and

8. Such other legal or equitable relief to which she may be entitled.

**SUE PALMER & ASSOCIATES PLLC**

By: /s/ *SMPalmer*
Susan M. Palmer
P.O. Box 219
Franklin, TN 37065-0219
(615) 927-0498
(610) 592-0055 (Fax)
sue@suepalmerlaw.com
*Attorney for Plaintiff*

**Plaintiff demands a trial by jury on all claims so triable.**